UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA BARBARINO,<br><br>           Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY; BOEING SHORT TERM DISABILITY PLAN; BOEING LONG TERM DISABILITY PLAN,<br><br>           Defendants. | Case No.  5:14-cv-03601-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Presently before the Court is Defendants Aetna Life Insurance Company ("Aetna"), Boeing Short Term Disability Plan, and Boeing Long Term Disability Plan's (collectively, "Defendants") Motion to Dismiss Plaintiff Laura Barbarino's ("Plaintiff") Second Cause of Action. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1 (b) and previously vacated the hearing. Having reviewed the parties' briefing, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Second Cause of Action.

**I.    BACKGROUND**

Plaintiff alleges that in 2008, she was hired by Jeppesen/Boeing as an International Trip Planner 3. Dkt. No. 1-1 ("Compl.") at ¶ 14. Through her employment, Plaintiff enrolled in the Boeing Short Term Disability Plan and the Boeing Long Term Disability Plan (collectively, the "Plan"). Id. at ¶¶ 3, 15.

On February 12, 2013, Plaintiff alleges that she stopped working at Jeppesen/Boeing because of fibromyalgia and chronic fatigue. Id. at ¶ 18. Her related symptoms and conditions

included: physical impairments, severe and uncontrolled sensitivity in/on her body, cognitive disorder, and anxiety. Id. Due to Plaintiff's inability to perform mentally and physically in the workplace, her treating physician removed her from the workplace. Id. Since then, she has been permanently disabled. Id.

On February 26, 2013, Plaintiff alleges that she submitted a claim for Short Term Disability benefits and produced sufficient proof of her permanent disability. Id. at ¶ 19. In March 2013, Aetna allegedly denied Plaintiff's claim, basing their decision by their clinical consultants, claims analysts, and disability professionals, and stating that a Short Term Disability claim from a psychological perspective was not supported. Id. at ¶ 21. In April 2013, Plaintiff appealed Aetna's denial of her claim and produced additional proof of her permanent disability. Id. at ¶ 22. In May 2013, Aetna allegedly denied Plaintiff's appeal claiming that that the information did not support her disability as of February 2013. Id. at ¶ 23. Moreover, Aetna also allegedly denied Plaintiff's claim for Long Term Disability benefits stating that Plaintiff had not met the required waiting period. Id.

In March 2014, Plaintiff alleges that she sent a letter to Aetna expressing her intent to file a claim for Long Term Disability benefits, requesting a copy of Aetna's claim form, and requesting any other documentation necessary to file a claim. Id. at ¶ 26. In April 2014, Aetna allegedly sent a letter to Plaintiff denying her claim to Long Term Disability benefits, and setting forth the conditions for considering a claimant disabled. Id. at ¶ 27. The letter further stated that Plaintiff had not satisfied the required waiting period. Id. at ¶ 29.

Plaintiff alleges that despite multiple claims for Long Term Disability benefits, at no time did Aetna perform an actual or meaningful review of her claims as required by the Plan. Id. at ¶ 30. She alleges that she has exhausted all administrative remedies under the Plan for both Short Term Disability and Long Term Disability benefits. Id. at ¶ 31.

Plaintiff commenced the instant action in Superior Court, County of Santa Clara, and in August 2014, Defendants removed the case to this court. See Dkt. No. 1. Defendants, thereafter, filed the instant motion. See Dkt. No. 10 ("Mot.). Plaintiff filed an opposition brief, and

Defendants filed a reply brief. See Dkt. Nos. 18 ("Opp."), 19 ("Reply").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.   DISCUSSION

Plaintiff's complaint contains two claims: (1) violation of the Employee Retirement Income Security Act of 1974 ("ERISA") to recover disability benefits under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) violation of ERISA for breach of fiduciary duty and claim for equitable relief under Section 502(a)(3), 29 U.S.C. § 1132(a)(3).[1] See Compl. at 8. Defendants challenge only the second claim, based on the sole ground that Plaintiff cannot pursue both claims concurrently. See Mot. at 3.

Through Section 1132, "ERISA provides an exclusive remedial scheme for insureds who

---

[1] Section 502(a)(1)(B) and Section 1132(a)(1)(B) will be used interchangeably, and Section 502(a)(3) and Section 1132(a)(3) will also be used interchangeably.

3
Case No.: 5:14-cv-03601-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

have been denied benefits." Standard Ins. Co. v. Morrison, 584 F.3d 837, 845 (9th Cir. 2009).

Section 1132 provides:

> (a) Persons empowered to bring a civil action
> A civil action may be brought—
>
> > (1) by a participant or beneficiary—
> > . . .
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> > . . .
> > (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132.

Under Section 1132(a)(1)(B), "[a]n insured may sue to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Standard Ins. Co., 584 F.3d at 845-46 (internal quotations omitted). Under Section 1132(a)(3), an insured "may also seek an injunction or other appropriate equitable relief to enforce the provisions of ERISA or of the plan." Id. at 846. Section 1132(a)(3) "is a 'catchall' or 'safety net' designed to offer appropriate equitable relief for injuries caused by violations that [Section] 1132 does not elsewhere adequately remedy." Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1190 (9th Cir. 2010) (internal quotations omitted) (quoting Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)). Consequently, where there is adequate relief provided elsewhere in the statute, an insured cannot resort to the catchall provision to seek the same relief. Id.

When evaluating the sufficiency of the allegations at the pleading stage, courts in this district have found that a plaintiff may concurrently assert a Section 1132(a)(1)(B) claim and a Section 1132(a)(3) claim if the plaintiff alleges different theories of liability and seeks alternative remedies. See Bush v. Liberty Life Assurance Co., ---F. Supp. 3d.---, 2015 WL 54418, at*6 (N.D.

4

Case No.: 5:14-cv-03601-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Cal. Jan. 2, 2015) (Gonzalez Rogers, J.) (collecting cases); Wit v. United Behavioral Health, 2014 WL 6626894, at*10 (N.D. Cal. Nov. 20, 2014) (Spero, J.) (same).  However, the Section 1132(a)(3) claim will be dismissed if it merely "repackages" the claim asserting the denial of benefits.  See Wit, 2014 WL 6626894, at *10 (collecting cases).

Here, Defendants contend that Plaintiff's Section 1132(a)(3) claim is improper because Plaintiff is already seeking relief that is available under Section 1132(a)(1)(B).  Mot. at 5.  Defendants argue that Plaintiff seeks redress for the alleged wrongful denial of Short Term Disability and Long Term Disability claims.  Id. at 6.  They believe that since Plaintiff has appropriate redress for this alleged wrongful denial under Section 1132(a)(1)(B), it is improper for her to rephrase her request for payment to also allege a violation of Section 1132(a)(3).  Id.  In opposition, Plaintiff argues that each of her claims are separate and distinct, and thus her second claim alleging violation of Section 1132(a)(3) is not improper.  Opp. at 4.

In her complaint, Plaintiff alleges the following under her first claim for violation of Section 1132(a)(1)(B): Plaintiff was entitled to Short Term Disability and Long Term Disability benefits under the Plan, and Defendants violated the terms of the Plan by denying Plaintiff's claim for benefits.  Compl. at ¶ 36.  For relief, Plaintiff requests payment of past benefits due to her, payment of future benefits, and a declaration that Plaintiff is permanently disabled and Defendants violated the terms of the plan.  Id. at 10-11.

Plaintiff alleges the following under her second claim for violation of Section 1132(a)(3): Defendants breached their fiduciary duty under the ERISA Plan because they failed to make a reasonable inquiry, failed to weigh the medical evidence, and made a fallible determination of Plaintiff's entitlement to benefits.  Compl. at ¶ 42.  Moreover, Plaintiff alleges that Defendants' conduct of refusing to fairly consider subjective complaints of a beneficiary and discrediting the weight of treating physicians' opinions is part of a pattern or practice of evaluating claims adversely against the interests of the beneficiaries.  Id.  For relief, Plaintiff requests enjoining Defendants' denial of benefits, enjoining Defendants from inadequately affording participants with a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the

decision denying the claim, and removing Aetna as administrator of Plan benefits. Id. at 11. Plaintiff also requests a declaration that Defendants' non-payment of benefits is a violation of the Plan and a declaration that Defendants failed to afford Plaintiff a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim. Id.

The Court agrees with Plaintiff that her allegations under each claim are separate and distinct. Under her first claim, Plaintiff's allegations focus on the denial of her claim for benefits, and consequently requests payment of past benefits due to her. Under her second claim, however, Plaintiff's allegations focus on Defendants' alleged failure to provide an adequate process to evaluate claims, and consequently requests injunctive relief that includes enjoining Defendants from continuing with its alleged inadequate process and removing Aetna as administrator.

Therefore, to the extent that Defendants sole challenge to Plaintiff's second claim is that Plaintiff cannot pursue both claims concurrently, Defendants' Motion to Dismiss is DENIED.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2015

EDWARD J. DAVILA
United States District Judge

---

[2] Defendants' reply brief include arguments challenging the specificity of Plaintiff's allegations in her second claim. See Reply at 4 ("[Plaintiff] has failed to state sufficient facts under a cognizable legal claim and has, in fact, failed to state any facts at all in support of her breach of fiduciary duty claim except for her allegation—on information and belief—that Aetna's alleged conduct in Plaintiff's case was 'part of a pattern and practice of evaluating claims adversely against the interests of the beneficiaries.' She has provided absolutely no facts upon which to base this allegation."). However, Defendant's seven-page motion focused solely on the impropriety of pursuing both claims. See Mot. at 3 ("Plaintiff cannot maintain a claim for breach of fiduciary duty under 29 U.S.C. section 1132(a)(3) because she is already seeking relief available under 29 U.S.C. section 1132(a)(1)(B)."). Since Defendants did not challenge the specificity of Plaintiff's allegations in its motion, this argument is not considered here. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").